1  JENNIFER T. SANCHEZ (191548)
   GIBSON ROBB & LINDH LLP
2  201 Mission Street, Suite 2700
   San Francisco, California  94105
3  Telephone:    (415) 348-6000
   Facsimile:    (415) 348-6001
4  Email:        jsanchez@gibsonrobb.com

5  Attorneys for Plaintiffs
   GOAL ZERO, LLC and
6  FALVEY CARGO UNDERWRITING, LTD.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  GOAL ZERO, LLC, a corporation;      )   Case No. 3:16-cv-4055
    FALVEY CARGO UNDERWRITING,          )
12  LTD., a corporation,                )   **COMPLAINT FOR DAMAGE TO OCEAN**
                                        )   **CARGO**
13              Plaintiffs,             )
                                        )
14                                      )   (Damages in the sum of $95,183.55)
        v.                              )
15                                      )
                                        )
16  CARGO FREIGHT SERVICES, LTD., a     )
    corporation; CARGO FREIGHT          )
17  SERVICES LTD., a foreign entity of  )
    unknown form; and DOES ONE through  )
18  TEN,                                )
                                        )
19              Defendants.             )
                                        )

20

21      Plaintiffs' complaint follows:

22      1.      Plaintiffs GOAL ZERO, LLC ("GOAL ZERO") and FALVEY CARGO

23  UNDERWRITING, LTD. ("FALVEY"), are now, and at all times herein material were,

24  corporations duly organized and existing by virtue of law.  Plaintiff GOAL ZERO is a citizen of

25  Utah and was the owner of the hereinafter described shipment.  Plaintiff FALVEY is a citizen of

26  the state of Rhode Island and was the insurer of said shipment.

27  / / /

28  / / /

2.      Plaintiffs are informed and believe, and on the basis of that information and belief allege that, CARGO FREIGHT SERVICES, LTD., is a Georgia corporation, and CARGO FREIGHT SERVICES, LTD., a foreign entity of unknown form with the same name as aforementioned the domestic corporation (collectively "CFS"); and DOES ONE through TEN are now and at all times herein material were engaged in business as a common carriers for hire within the United States and within this judicial district.

3.      The true names of defendants sued herein as DOES ONE through TEN, each of whom is responsible for the events and matters herein referred to, and each of whom caused or contributed to the damage herein complained of, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs will amend their complaint to show the true names of said defendants when the same have been ascertained.

4.      Plaintiffs' complaint contains a cause of action for non-delivery of ocean cargo arising under The Hague-Visby Rules and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333.  Alternatively, cause of action for non-delivery of ocean cargo arises under a statute of the United States, namely the Carriage of Goods by Sea Act, 46 U.S.C. 30701, *et seq.*, and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1333.  Venue is proper under 28 U.S.C. § 1391(b).

5.      This is a cause of action for damage to ocean cargo, and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

6.      Plaintiffs are informed and believe, and on the basis of such information and belief allege that, on or about June 4, 2013, in Hong Kong, China, Defendants received 126 cartons of solar energy equipment, and others, for carriage under bill of lading number SHK1300442, and others, issued by and/or on behalf of said Defendants.  CFS agreed, under contracts of carriage and in return for good and valuable consideration, to carry said cargo from Hong Kong, China to Rotterdam, Netherlands, and there deliver said cargo to the lawful holder of the aforementioned bill of lading, and others, in the same good order, condition, and quantity as when received.

7.      Thereafter, in breach of and in violation of said agreements, CFS did not deliver said cargo in the same good order, condition, and quantity as when received in Hong Kong, China.  To the contrary, said Defendants, and each of them, failed to deliver the 126 cartons.  The reasonable value of the non-delivered cargo was $95,183.55.

8.      Prior to the shipment of the herein described cargo and prior to any loss thereto, Plaintiff FALVEY issued their policy of insurance whereby it agreed to indemnify the rightful owner, GOAL ZERO, and its assigns, against loss of or damage to said cargo while in transit, including mitigation expenses, and FALVEY have therefore become obligated to pay, and have paid to GOAL ZERO under said policy the sum of $92,683.55, on account of the herein described loss.  GOAL ZERO had a $2,500.00 deductible under the policy, which it paid, and thus lost that sum on account of the herein described loss.

9.      Plaintiffs have therefore been damaged in the sum of $95,183.55, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendants; that this Court decree payment by Defendants to Plaintiffs in the sum of $95,183.55, together with prejudgment interest thereon and costs of suit herein; and that Plaintiffs have such other and further relief as in law and justice they may be entitled to receive.


Respectfully submitted,

Dated: July 19, 2016                    GIBSON ROBB & LINDH LLP


 JENNIFER TOMLIN SANCHEZ   
Jennifer T. Sanchez
Attorneys for Plaintiffs
GOAL ZERO, LLC and
FALVEY CARGO UNDERWRITING, LTD.